UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


MICHAEL S.H. BROWN,

                   Petitioner,

v.                                      Case No. 3:12-cv-314-J-34MCR


SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                   Respondents.

_____

## **ORDER**

### **I. Status**

Petitioner Michael Shaun Harris Brown, an inmate of the Florida penal system, initiated this action on March 22, 2012, by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. In the Petition, Brown challenges a 2009 state court (Clay County, Florida) judgment of conviction for robbery. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Answer to Petition for Writ of Habeas Corpus (Response; Doc. 9) with exhibits (Resp. Ex.). On July 9, 2012, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 6), admonishing Brown regarding his obligations and giving Brown a time frame in which to submit a reply. Brown submitted a brief in reply. See Reply to Respondents' Answer to

Petition for Writ of Habeas Corpus (Reply; Doc. 11). This case is ripe for review.

## II. Procedural History

On August 18, 2008, in Case No. 08-1420, the State of Florida charged Brown with robbery (count one) and driving while license suspended or revoked (count two). Resp. Ex. 2, Information. Brown proceeded to trial on April 6, 2009, see Resp. Ex. 4, Transcript of the Jury Trial (Tr.), at the conclusion of which, on April 7, 2009, a jury found him guilty of robbery and driving while license suspended or revoked, as charged. See Resp. Ex. 6, Verdicts; Tr. at 305-06. On May 5, 2009, the court sentenced Brown to a term of imprisonment of twenty years for count one, and two hundred and seventy-nine days (time served) for count two. Resp. Ex. 9, Judgment.

On appeal, Brown, with the benefit of counsel, filed an initial brief, arguing that the trial court erred when it denied Brown's motions for judgment of acquittal. Resp. Ex. 11. The State filed an answer brief. Resp. Ex. 12. On February 3, 2010, the appellate court affirmed Brown's conviction and sentence per curiam without issuing a written opinion, see Brown v. State, 26 So.3d 583 (Fla. 1st DCA 2010); Resp. Ex. 13, and the mandate issued on February 19, 2010, see Resp. Ex. 13. Brown did not seek review in the United States Supreme Court.

On July 1, 2010, Brown filed a pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In his request for post conviction relief, Brown asserted that counsel was ineffective because he failed to: investigate and call Donavon[1] Brown (Petitioner's co-defendant and brother) to testify at trial (ground one), and object to Detective West's improper testimony (ground two). Resp. Ex. 14. The State responded. Resp. Exs. 15A; 15B. The circuit court denied Brown's motion on April 13, 2011. Resp. Ex. 16. On appeal, Brown filed a brief, see Resp. Ex. 18, and the State notified the court that it did not intend to file an answer brief, see Resp. Ex. 19. On August 2, 2011, the appellate court affirmed the trial court's denial per curiam, see Brown v. State, 74 So.3d 1094 (Fla. 1st DCA 2011); Resp. Ex. 20, and later denied Brown's motion for rehearing on September 23, 2011, see Resp. Ex. 21. The mandate issued on October 12, 2011. See Resp. Ex. 20.

### III. One-Year Limitations Period

The Petition appears to be timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d); Response at 2-4.

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an

---

[1] The Court will refer to Petitioner's co-defendant as Donavon. See http://www.dc.state.fl.us/ActiveInmates, Corrections Offender Network; see also Tr. at 2.

applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

### V. Standard of Review

The Court will analyze Brown's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light

4

> of the evidence presented in the
> State court proceeding.

Thus, 28 U.S.C. § 2254(d) "bars religation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." <u>Harrington v. Richter</u>, 131 S.Ct. 770, 784 (2011). As the United States Supreme Court stated, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." <u>Burt v. Titlow</u>, 134 S.Ct. 10, 16 (2013). This standard of review is described as follows:

> Under AEDPA, when the state court has adjudicated the petitioner's claim on the merits, a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," <u>id</u>. § 2254(d)(2). "Under § 2254(d)(1)'s 'contrary to' clause, we grant relief only 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" <u>Jones v. GDCP Warden</u>, 753 F.3d 1171, 1182 (11th Cir. 2014) (quoting <u>Williams v. Taylor</u>, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). "Under § 2254(d)(1)'s 'unreasonable application' clause, we grant relief only 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" <u>Id</u>. (quoting <u>Williams</u>, 529 U.S. at 413, 120 S.Ct. 1495).

For § 2254(d), clearly established federal law includes only the holdings of the Supreme Court – not Supreme Court dicta, nor the opinions of this Court. White v. Woodall,– U.S. –, 134 S.Ct. 1697, 1702, 188 L.Ed.2d 698 (2014). To clear the § 2254(d) hurdle, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 786-87, 178 L.Ed.2d 624 (2011). "[A]n 'unreasonable application of' [Supreme Court] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." Woodall, 134 S.Ct. at 1702 (quoting Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). A state court need not cite or even be aware of Supreme Court cases "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002); accord Richter, 131 S.Ct. at 784.

"AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010) (citations and internal quotation marks omitted). And when a claim implicates both AEDPA and Strickland, our review is doubly deferential. Richter, 131 S.Ct. at 788 ("The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." (citations and internal quotation marks omitted)). [A petitioner] must establish that no fairminded jurist would have reached the Florida court's conclusion. See Richter, 131 S.Ct. at 786-87; Holsey v. Warden, Ga. Diagnostic Prison, 694 F.3d 1230, 1257-58 (11th Cir. 2012). "If this standard is difficult to meet, that is because it was

meant to be." <u>Richter</u>, 131 S.Ct. at 786....
<u>Taylor v. Sec'y, Fla. Dep't of Corr.</u>, 760 F.3d 1284, 1293-94 (11th
Cir. 2014); <u>see also</u> <u>Hittson v. GDCP Warden</u>, 759 F.3d 1210, 1230
(11th Cir. 2014).

Finally, for a state court's resolution of a claim to be an
adjudication on the merits, so that the state court's determination
will be entitled to deference for purposes of federal habeas corpus
review under AEDPA, all that is required is a rejection of the
claim on the merits, not an opinion that explains the state court's
rationale for such a ruling. <u>Hittson</u>, 759 F.3d at 1232 ("[T]here is
no AEDPA requirement that a state court explain its reasons for
rejecting a claim[.]"); <u>Richter</u>, 131 S.Ct. at 785 (holding that §
2254(d) does not require a state court to give reasons before its
decision can be deemed to have been adjudicated on the merits);
<u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th
Cir. 2002). Thus, to the extent that Brown's claims were
adjudicated on the merits in the state courts, they must be
evaluated under § 2254(d).

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective
assistance of counsel. That right is denied when a defense
counsel's performance falls below an objective standard of
reasonableness and thereby prejudices the defense." <u>Yarborough v.
Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citing <u>Wiggins v. Smith</u>,

7

539 U.S. 510, 521 (2003), and <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [<u>Strickland</u>,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. <u>Id</u>., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id</u>., at 687, 104 S.Ct. 2052.

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." <u>Id</u>., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Id</u>., at 687, 104 S.Ct. 2052.

<u>Richter</u>, 131 S.Ct. at 787-88.

Since both prongs of the two-part <u>Strickland</u> test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." <u>Ward v. Hall</u>, 592 F.3d 1144, 1163 (11th Cir. 2010)(citation omitted). "Surmounting <u>Strickland</u>'s high

bar is never an easy task." <u>Padilla v. Kentucky</u>, 559 U.S. 356, 371 (2010).

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's representation is a most deferential one." <u>Richter</u>, - U.S. at -, 131 S.Ct. at 788. But "[e]stablishing that a state court's application of <u>Strickland</u> was unreasonable under § 2254(d) is all the more difficult. The standards created by <u>Strickland</u> and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." <u>Id</u>. (citations and quotation marks omitted). "The question is not whether a federal court believes the state court's determination under the <u>Strickland</u> standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard," then a federal court may not disturb a state-court decision denying the claim. <u>Richter</u>, - U.S. at -, 131 S.Ct. at 788.

<u>Hittson</u>, 759 F.3d at 1248; <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009); <u>see also</u> <u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In addition to the deference to counsel's performance mandated by <u>Strickland</u>, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision.").

## VII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Brown asserts that the trial court erred when it denied his motions for judgment of acquittal because the evidence was insufficient to establish that Brown had the requisite mental state to be a principal to the robbery. Brown argued this issue on direct appeal, see Resp. Ex. 11; the State filed an Answer Brief, see Resp. Ex. 12, and the appellate court affirmed Brown's conviction and sentence per curiam without a written opinion as to this issue, see Brown, 26 So.3d 583; Resp. Ex. 13. To the extent that Brown is raising, in ground one, the same claim he presented on direct appeal, the claim is sufficiently exhausted.

In its appellate brief, the State addressed the claim on the merits, see Resp. Ex. 12 at 7-15, and therefore, the appellate court may have affirmed Brown's conviction based on the State's argument. If the appellate court addressed the merits, the state court's adjudication of this claim is entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence

presented in the state court proceedings. Accordingly, Brown is not entitled to relief on the basis of this claim.

Even assuming that the state court's adjudication of this claim is not entitled to deference, and that the claim presents a sufficiently exhausted issue of federal constitutional dimension,[2] Brown's claim is without merit because the State presented ample evidence to support Brown's conviction for robbery. The Due Process Clause of the Fourteenth Amendment requires the State to prove each element of the offense charged beyond a reasonable doubt. Thompson v. Nagle, 118 F.3d 1442, 1448 (11th Cir. 1997) (citing Jackson v. Virginia, 443 U.S. 307, 314 (1979)). In reviewing the sufficiency of evidence, "this court must presume that conflicting inferences to be drawn from the evidence were resolved by the jury in favor of the State." Thompson, 118 F.3d at 1448 (citing Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir. 1985)). Jackson v. Virginia "provides the federal due process benchmark for evidentiary sufficiency in criminal cases." Williams v. Sec'y for Dep't of Corr., 395 F. App'x 524, 525 (11th Cir. 2010) (per curiam) (citing Green v. Nelson, 595 F.3d 1245, 1252-53 (11th Cir. 2010)). In accordance with this authority, the relevant question is whether any rational jury, after viewing the evidence in the light most favorable to the prosecution, could have found the essential

---

[2] See Response at 8-16.

11

elements of the charged offense beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 319.

After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Brown to be a principal to the robbery that his brother committed. Thus, viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to support the conviction for robbery. Competent evidence of the elements of the offense was introduced at trial, and no due process violation occurred. The jury was entitled to believe the State witnesses and the victim and eyewitnesses' accounts of what happened on the day in question. Additionally, the jury watched the surveillance videotape during the trial and later in deliberations,[3] and therefore was entitled to make its own determination as to what was depicted on the videotape. Given the record, the trial court did not err in denying Brown's motions for judgment of acquittal. <u>See</u> Response at 18-24; Tr. at 179-81, 195. Therefore, Brown is not entitled to habeas relief as to ground one.

## B. Ground Two

As ground two, Brown asserts that counsel (Thomas F. McDowell Shoemaker) was ineffective because he failed to call Donavon Brown to testify at trial. Brown raised the ineffectiveness claim in his Rule 3.850 motion. Identifying the two-prong <u>Strickland</u>

---

[3] <u>See</u> Tr. at 299-302.

ineffectiveness test as the controlling law, the court denied the post conviction motion with respect to this claim, stating in pertinent part:

> In ground one, Defendant alleges that counsel was ineffective by failing to investigate and call to testify the co-defendant, Donovan Brown, who was tried in the same trial as Defendant, but with separate juries. Defendant alleges Mr. [Donovan] Brown would have testified that Defendant was unaware that Mr. [Donavon] Brown planned to commit a [r]obbery when Defendant dropped him off in the parking lot of Target. As discussed below, the Court finds Mr. [Donavon] Brown was not available to testify for purposes of Defendant's trial. At the conclusion of the State's case, this Court conducted an inquiry of both Defendant and Mr. [Donavon] Brown outside the presence of the juries. (Exhibit "C," pages 182-185.)[4] During this inquiry, this Court advised Mr. [Donavon] Brown that he had the right to testify and become a witness in the case. Id. at 184-185. Mr. [Donavon] Brown acknowledged having discussed his right to testify with his counsel and informed this Court that he had elected not to testify.[5] Id. The Fourth District Court of Appeal recently held that when a co-defendant invokes his Fifth Amendment right against self-incrimination by electing not to testify, it is "undisputed" that the co-defendant was unavailable to testify. Roussonicolos v. State, 2011 WL 1135347 (Fla. 4th DCA 2011). The record demonstrates that Mr. [Donovan] Brown, after being advised of his constitutional right against self-

---

[4] See Tr. at 182-85.

[5] Donavon had eight prior felony convictions, and Petitioner had eight prior felony convictions and a petit theft conviction. See Tr. at 120, 182-85.

> incrimination, elected not to testify.[6] As a
> result, Mr. [Donavon] Brown was not available
> to testify for purposes of Defendant's trial.
> Defense counsel cannot be deficient for
> failing to call an unavailable witness.
> Accordingly, Defendant fails to satisfy the
> first prong of <u>Strickland</u> and his first ground
> for relief is denied.

Resp. Ex. 16 at 2-3. On Brown's appeal, the appellate court affirmed the trial court's denial per curiam, <u>see</u> <u>Brown</u>, 74 So.3d 1094; Resp. Ex. 20, and later denied Brown's motion for rehearing, <u>see</u> Resp. Ex. 21.

Assuming the appellate court affirmed the denial on the merits, there are qualifying state court decisions. Thus, the Court considers this claim in accordance with the deferential standard for federal court review of state court adjudications. After a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Brown is not entitled to relief on the basis of this claim.

Moreover, even assuming the state courts' adjudications of this claim are not entitled to deference, Brown's ineffectiveness claim is still without merit. The trial court's conclusion is fully

---

[6] <u>See</u> Tr. at 184-85.

supported by the record. In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence. See Anderson v. Sec'y, Fla. Dep't of Corr., 752 F.3d 881, 904 (11th Cir. 2014), petition for cert. filed, - U.S.L.W. - (U.S. Dec. 8, 2014) (NO. 14-7499, 14A332). The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005). Thus, Brown must establish that no competent attorney would have taken the action that counsel, here, chose.

Moreover, the test for ineffectiveness is neither whether counsel could have done more nor whether the best criminal defense attorneys might have done more; in retrospect, one may always identify shortcomings. Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance") (quotations omitted). Instead, the test is whether what counsel did was within the wide range of reasonable professional assistance. Ward v. Hall, 592 F.3d at 1164 (quotations and citation omitted); Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial could have acted as defense counsel

acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted).

On the record in this case, counsel's performance was well within the wide range of professionally competent assistance. Petitioner affirmatively represented to the trial court that he chose not to call any witnesses in his defense and that he was satisfied with his decision. See Tr. at 184. As such, counsel cannot be faulted for failing to call Donavon as a witness. Brown failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Even assuming arguendo deficient performance by defense counsel, Brown has not shown prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had called Donavon as a witness.[7]

---

[7] Petitioner submitted Donavon's April 20, 2011 affidavit, in which Donavon stated that he was available to testify before Brown's jury and would have testified as follows:

> At no time on the date of July 27th 2008 did I Donavon Brown, in any kind of way inform Michael S.H. Brown, that my intentions were to commit a robbery, in the parking lot of the Target store, prior to or after exiting the vehicle we were riding in.

Petition at 20, attached Affidavit; see Response at 26-27. Similarly, Detective West testified that Brown told him in an August 1, 2008 interview "that he didn't know what his brother was going to do." Tr. at 144. At trial, Donavon affirmatively declined to testify. See id. at 182-85.

16

Therefore, Brown's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.

## C. Ground Three

As ground three, Brown asserts that counsel was ineffective because he failed to properly object to Detective West's testimony. Brown raised this ineffectiveness claim in his Rule 3.850 motion. The court denied the post conviction motion with respect to this claim, stating in pertinent part:

> In his second ground for relief, Defendant alleges defense counsel was ineffective for failing to object to the improper testimony of Detective West, who Defendant asserts expressed an opinion as to what was depicted on a security video that was admitted into evidence at trial. The video was captured by Target's parking lot surveillance camera and showed the commission of the robbery. Defendant alleges that by making the following statements, Detective West improperly expressed an opinion on what the tape depicted, which was used to bolster the credibility of such evidence:
>
> DETECTIVE: In the video it clearly shows that he was not parking the car in a parking space. There were abundant open parking spaces to park in and he did not park the vehicle.[8]
>
> * * *
>
> DETECTIVE: His brother was running next to the vehicle.[9]

---

[8] See Tr. at 145.

[9] See Tr. at 145.

17

* * *

DETECTIVE: There are times when he actually puts on brakes. In the video you can see the brake lights come on to show you that their [sic] trying to pace each other in the parking lot.[10]

(Defendant's Motion for Post Conviction Relief, page 8.) As an initial matter, Defendant asserts that "[t]he credibility determination of any witness/evidence is for a jury to decide on their own interpretations, no other party can vouch for the veracity of evidence." (Defendant's Motion for Post Conviction Relief, pages 6-7.) However, each of the cases Defendant relies on in support of his assertion held that it is improper for either a witness or a prosecutor to bolster another <u>witness's</u> testimony by vouching for his or her credibility. Contrary to Defendant's claim, these cases do not apply to the facts of the instant case, in which a witness allegedly expressed an opinion on what is depicted in a video, which is also presented to the jury. "[C]ounsel is not ineffective for failing to make a futile objection." <u>Willacy v. State</u>, 967 So.2d 131, 140 (Fla. 2007) (<u>citing</u> <u>Maxwell v. Wainwright</u>, 490 So.2d 927, 932 (Fla. 1986)[)]. Accordingly, defense counsel was not deficient for failing to object to these statements. Furthermore, the jury was free to properly make its own determination as to what was depicted on the video. As a result, assuming <u>arguendo</u>, there was any deficiency in performance by defense counsel, it did not result in prejudice to Defendant. Therefore, Defendant has failed to establish either prong of <u>Strickland</u> and his second ground for relief is denied.

---

[10] <u>See</u> Tr. at 145.

Resp. Ex. 16 at 3-4. On Brown's appeal, the appellate court affirmed the trial court's denial per curiam, <u>see</u> Resp. Ex. 20, and later denied Brown's motion for rehearing, <u>see</u> Resp. Ex. 21.

Given the record in the instant action, the appellate court may have affirmed the denial of Brown's motion for post conviction relief on the merits. If the appellate court addressed the merits, Brown would not be entitled to relief because the state courts' adjudications of this claim are entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were the state court adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Brown is not entitled to relief on the basis of this claim.

Even assuming that the appellate court did not affirm the denial of the Rule 3.850 motion on the merits or that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Brown's claim is still without merit. The trial court's conclusion is fully supported by the record. Based on the record in the instant case, counsel's performance was within the wide range of professionally competent assistance. <u>See</u> Response at 36-38; Tr. at 145-46 (reflecting the court overruling counsel's

objection to Detective West's statement that Brown and Donavon were "trying to pace each other" in Target's parking lot). Even assuming arguendo deficient performance by defense counsel for failing to properly object, Brown has not shown prejudice. Thus, Brown's ineffectiveness claim fails because he has shown neither deficient performance nor resulting prejudice.

### D. Ground Four

As ground four, Brown asserts that counsel was ineffective because he was "fired and disbarred for sexual harassment," and therefore could not adequately prepare for trial. Petition at 9. In Brown's Reply (Doc. 11), he states that he "would respectfully like to waive (abandon) ground four" of the Petition. Reply at 17. The Court will grant Brown's request to abandon ground four, and not address the claim further.

### VIII. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Brown seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Brown "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484

20

(2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    Brown's request to abandon ground four is **GRANTED**.

2.    The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

3.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

4.     If Brown appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

5.     The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of January, 2015.

MARCIA MORALES HOWARD
United States District Judge

sc 1/26
c:
Michael S.H. Brown, #J06496
Ass't Attorney General (Jordan)